Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE, } Assistant Judges.
Hon. H. HENRY POWERS,

---

GEORGE W. CRAWFORD *v.* LAURA GOULD; EMMETT M. TOWER, Trustee, and CALEB BUFFUM, Claimant.

### *Trustee Process.   Assignment.*

In an action begun by trustee process it appeared that defendant agreed with claimant that claimant should have charge of the renting and repairing of her house, pay the taxes thereon, &c., and take from the rent enough to reimburse him the money so paid out, and to pay a small sum that she owed him; that claimant rented the house to trustee and notified him before service of process that he claimed the rent for such expenditures, &c.; that at the expiration of the trustee's term claimant had paid out for repairs, &c., money that had not been reimbursed, and there was rent in arrear to about the same amount; that claimant then rented the premises to another from whom he received money enough, above what was needed for repairs in the then current term, to more than pay what was due him for what he had paid in trustee's term, which he paid over to defendant. *Held,* that under the agreement claimant had a right to the first rent to become due, and, by giving notice, acquired a lien thereon; that the lien was not waived by payment to defendant of the other money subsequently received; and that the claimant was entitled to the fund.

52

Crawford *v.* Gould.

TRUSTEE PROCESS, appealed from the judgment of a justice of the peace. The cause was heard before the justice on April 8, 1878, and the claimant then entered and made claim to the fund. A commissioner was appointed, who reported the following facts:

On or about April 1, 1877, the defendant, who owned a house in Rutland subject to mortgage, made an arrangement with the claimant for no definite time whereby he was to see to the renting and repairing of the house, the paying of the taxes thereon, and the payment of a small sum that she owed, and was to reimburse himself the sums paid out therein out of the rent, and pay himself in the same way a debt of $25 that she then owed him. It was not then known who would have the premises. The defendant then went to St. Johnsbury, where she continued to reside, but before going she had some talk with the trustee about letting him take the house for the ensuing year at $10 per month, and referred him to the claimant. After her departure the trustee and the claimant met and agreed that the trustee should take the house for the year, and the trustee went into possession and occupied accordingly. The trustee paid all of the rent except rent to the amount of $46.54, which was unpaid when process was served in this action. The claimant paid out for taxes, repairs, &c., for the defendant so that at the end of the trustee's term she owed him $46.20. The claimant notified the trustee before process was served as aforesaid, that he claimed the rent for his expenditures for repairs, &c., made on account of the defendant. The claimant continued to have charge of the defendant's premises for a year after the expiration of the trustee's term, and rented them for that time for $120, which he received and paid out, $50 to the defendant and the remainder on her account for repairs, taxes, &c. The commissioner found on those facts that the claimant was entitled to the fund, with interest from April 1, 1878.

The plaintiff excepted to the report, for that on the facts the trustee should have been held chargeable; but the court, DUNTON, J., presiding, at the September Term, 1879, adjudged that trustee be discharged and that the funds be held by the claimant; to which the plaintiff excepted.

*J. C. Baker*, for the plaintiff.

The receipt by the claimant as agent of the defendant of money on which he had a lien operated as payment on his debt, and when he received enough to pay the debt the lien was discharged. His debt was the basis of his claim to hold the fund. He did not pay to the defendant in good faith, but for the purpose of defeating trustee process.

*P. R. Kendall*, for the claimant.

Each claim here made by the plaintiff involves a question of fact, not of law, and each is found for the claimant. *Sessions* v. *Newport*, 23 Vt. 9.

In the absence of fraud nothing would operate to change the claimant's ownership of the fund that would not also operate to discharge his debt, and fraud will not be presumed. *Buswell* v. *Marshall*, 51 Vt. 87.

The opinion of the court was delivered by

ROYCE, J. The only question in this case is as to who is entitled to the funds in the hands of the trustee.

In April, 1877, the defendant was owing the claimant $25. She was then the owner of the equity of redemption of a house in Rutland. She made an arrangement with the claimant that he should see to the making of necessary repairs, pay taxes and another small bill she owed, and reimburse himself therefor and pay himself his debt out of the rent of said house. The claimant rented the house to the trustee, and notified him of his claim to the rent to pay his debt against the defendant, and his charges for payments and services in her behalf. The trustee occupied said house until the 1st of April, 1878, at which time there was due from him as rent the sum of $46.54 ; and there was then due to the claimant from the defendant on account of his debt against her the sum of $25, and what he had paid for repairs and taxes, and for his services as agent, $46.20. This suit was heard before the justice on the 8th of April, 1878, and the claimant then appeared and claimed the funds in the hands of the trustee.

We think the claimant, under the arrangement made with the

defendant, had the right to the first rent that might become due. He elected to avail himself of that right, and by giving notice to the trustee, acquired a lien upon the funds in his hands. The fact that moneys of the defendant afterwards came into the hands of the claimant that he paid over to her, did not operate to defeat his right to the funds in the hands of the trustee, and could not be regarded as a waiver of his right.

*Judgment affirmed.*